UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIGHT DEVELOPMENT, a California corporation,<br><br>        Plaintiff,<br><br> v.<br><br>TODD M. TOUTON, individually, and as an employee, officer, director, shareholder, partner and/or member attorney of LIONEL SAWYER & COLLINS, LTD.; LIONEL SAWYER & COLLINS, LTD., a professional corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | 3:10-cv-00551-LRH-VPC<br><br>ORDER |

      This is an action for alleged legal malpractice and breach of fiduciary duty arising out of Defendants Todd M. Touton and Lionel Sawyer & Collins' representation of Plaintiff Bright Development in connection with certain construction defect and insurance matters.  Before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. #30.[1])  Plaintiff filed an opposition and request for judicial notice (Docs. #31-32), to which Defendants replied (Doc. #33).

---

[1] Refers to the court's docket number.

Defendants' motion relies extensively on factual assertions and evidence outside the complaint. Where matters outside the pleadings are presented on a Rule 12(b)(6) motion, the court may elect to consider such matters, but it must then treat the motion as one for summary judgment under Rule 56 and give the nonmoving party a reasonable opportunity to respond in kind. Fed. R. Civ. P. 12(d). Here, however, Defendants indicate no willingness to have their motion treated as one for summary judgment and insist that the documents submitted in support of their motion are properly considered under Rule 12(b)(6). Accordingly, the court will consider Defendants' motion exclusively as a motion to dismiss and, before reaching the merits, must determine whether the documents are properly considered.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The Ninth Circuit has adopted exceptions to this rule to allow consideration of documents not physically attached to the complaint in order to prevent plaintiffs from avoiding dismissal "by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). But the exceptions are quite narrow. The court may consider documents not physically attached to the complaint only if (1) the documents' authenticity is not contested, and (2) either the allegations of the complaint "explicitly incorporate[]" the documents' contents, or the complaint "necessarily relies" on the documents, in that they are "crucial" or "essential" to the plaintiff's claims. *Id.* at 705-06 (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

Here, Defendants' motion to dismiss is predicated on factual assertions supported by several exhibits attached to their motion to dismiss, including the affidavit of Defendant Touton providing an alternative version of events, email correspondence, internal memoranda, and draft legal

documents. But while the authenticity of the materials may not be contested, it cannot be said that the contents of these documents are either explicitly incorporated into the complaint or that Plaintiff's claims necessarily rely on the terms or contents of these documents. While these documents are certainly relevant to Plaintiff's claims and allegations, materiality is simply not enough. On the facts of this case, to hold otherwise would allow the exception to swallow the rule, making motions to dismiss virtually indistinguishable from motions for summary judgment.

The extent to which Defendants' motion relies on factual assertions and evidence outside the pleadings is nothing less than pervasive. Each of Defendants' arguments is predicated on factual assertions that are beyond or inconsistent with Plaintiff's allegations and evidenced by documents outside the pleadings. Indeed, virtually every argument relies in some significant way on the affidavit of Defendant Touton, which is plainly outside the scope of the exception. Even if some documents outside the pleadings might be validly considered, Defendants' reliance on facts and evidence that cannot is too extensive to enable the court to consider Defendants' arguments within the proper confines of Rule 12(b)(6). The motion will therefore be denied without prejudice.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. #30) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE